PEARSON, Judge
(concurring specially).
In addition to the reason advanced in the majority opinion, I would affirm upon the following basis.
The defendant, Town of Bay Harbor Islands, asserted a defense of estoppel against the City of North Miami. The allegation of the answer was as follows:
******
“11. In February 1955, the Defendant Town of Bay Harbor Islands brought an action against City of North Miami in the Circuit Court, Dade County, No. 177228. The complaint alleged that the City of North Miami was levying taxes against the service station on the Broad Causeway and the complaint demanded relief in the form of an injunction against the City of North Miami from levying any tax on that property which was located on the Broad Causeway. In that action, the City of North Miami as a counterclaim alleged that the Broad Causeway was within the boundaries of the City of North Miami and prayed that the Court enter a final decree declaring Broad Causeway to be within the boundaries of the City of North Miami. The City of North Miami in that counterclaim sought an injunction against the Town of Bay Harbor Islands from interfering or attempting to interfere with the City of North Miami’s alleged lawful exercise of its taxing powers and police powers over the Broad Causeway. Case No. 177228 between the same two municipalities as the parties in the present suit ended with a stipulation between the Town of Bay Harbor Islands and City of North Miami in which the city of North Miami cancelled and declared null and void all its tax assessments, tax bills, tax notices, and tax certificates, on the service station located on the Broad Causeway, or any personal or intangible property located thereon, and the City of North Miami agreed it would not in the future levy or enforce any taxes on any such property, real or personal, and would immediately expunge from its records any assessment or levy of taxes against any such property, real or personal. This stipulation between the two municipalities involved in case No. 177228 and in the present case constitutes a binding agreement between the parties that the Broad Causeway is within the territory and jurisdiction of the Town of Bay Harbor Islands. The entire court file in Circuit Court, Dade County, Case No. 177228 is hereby incorporated by reference.”
******
The stipulation to which the appellee refers was introduced into evidence and is as follows:

“1. Defendant hereby cancels and declares null and void all tax assessments, tax bills, tax notices and tax certificates on the property, described in the lease, Exhibit ‘B’ annexed to the complaint, or any personal or intangible property located thereon, and agrees it will not in the future levy or enforce any taxes on any such property, real or personal, and will immediately expunge from its records any assessment or levy of taxes against any such property, real or personal.”
******
Acting on this stipulation, the suit of the Town of Bay Harbor Islands was dismissed on the tenth day of November, 1955. This is the first instance since that time in which the appellant has sought to exercise jurisdiction over the disputed area.
I would hold that the trial court’s judgment is amply supported by the estoppel *517 pleaded and established. It is clear that a dispute has existed for a long time as to the fact that the two acts creating the municipalities could be interpreted so that each had a claim to the disputed area. The matter was brought to the attention of the court and a binding stipulation was entered into whereby the Town of Bay Harbor Islands was left in undisputed possession of the area. Since then, some eighteen years have elapsed. The Town of Bay Harbor Islands has continuously exercised jurisdiction over the Broad Causeway without that jurisdiction being contested by the City of North Miami. Under such conditions, the trial judge in this cause should have proceeded no further and the judgment should be affirmed upon that basis.